ANTHONY GAMBA *vs.* SELMA STRICKLAND ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued April 5th—decided May 9th, 1933.

*Robert P. Butler,* with whom was *William J. Shea,* and, on the brief, *Arthur E. Howard, Jr.,* for the appellant (plaintiff).

*Warren Maxwell,* for the appellees (defendants).

PER CURIAM. The plaintiff brought this action to recover for injuries suffered when he was run into as he was walking across a highway, by an automobile driven by one of the defendants and owned by the other. The trial court gave judgment for the defendants, finding that the driver of the automobile was negligent but also concluding that the plaintiff

was guilty of contributory negligence. The controlling facts which the trial court has found may be briefly stated as follows: The accident occurred at night; the plaintiff came down some steps from a house on the north side of the highway to cross it to his automobile parked on the other side; when he reached the bottom of the steps he looked in both directions; to the east, while the highway curves slightly, he had an unobstructed view to the brow of a hill, three hundred feet away; he saw no automobile approaching from that direction but he did see one coming from the west a short distance away; he waited for this to pass and then started to walk across the highway, proceeding at an ordinary rate of speed; from the time he started from the position where he had paused at the bottom of the steps until he had gone sixteen feet into the highway he did not look again to the east; he then heard a noise, turned his head and saw the defendants' car coming toward him about fifty feet away, too late to avoid it; the defendants' car was proceeding at a speed of about forty miles an hour with its headlights lighted; it had reached the brow of the hill between the time the plaintiff had looked to the east and the time when he started to cross the road. This last finding the plaintiff attacks, but whether or not it was a proper inference for the trial court to draw is not a material consideration. The defendants' automobile was not visible and evidently had not reached the brow of the hill when the plaintiff came to the bottom of the steps and looked to the east. He paused there to let the car going east pass and, despite the fact that his view to the east was limited to three hundred feet and that an automobile might come in sight over the hill at any moment, he proceeded into the highway without looking again. The conclusion that the plaintiff was guilty of contributory negligence

as a matter of fact was one which the trial court could reasonably reach. The Connecticut cases relied on by the plaintiff are all cases where we held in more or less analogous situations that a pedestrian was not guilty of contributory negligence as a matter of law, but that the question was one of fact for the trial court, and that accords with the general current of decisions elsewhere. Huddy, Cyclopedia of Automobile Law (9th Ed.) Vol. 5-6, p. 189.

There is no error.